[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #112
Before the court is the defendants' motion to strike counts one through six of plaintiff's complaint on the ground that said counts are legally insufficient "because they fail to set forth a cause of action for wrongful death" based on C.G.S. § 52-555.
An examination of plaintiff's complaint reveals that the defendants are mistaken, as paragraph 4 of count one specifically alleges that the plaintiff "brings this action pursuant to C.G.S. § 52-555 for the injuries and death" of the decedent. Furthermore, paragraph 4 of count one is incorporated by reference into each of the subsequent counts.
The court denies defendants' motion to strike in its entirety for the reason that § 52-555 is merely a statutory authorization and limitation, that is, a right of action to recover damages for "injuries resulting in death" from the "party legally at fault." The statute does not specify or in any way limit the nature of the cause of action pursued to establish the legal fault of the defendant or defendants. Section 52-555
is silent as to the causes of action which the plaintiff may utilize in his attempt to establish his entitlement to damages for the death of the decedent.
The plaintiff has alleged, in count 1, a cause of action for negligence resulting in death; in count 2, a cause of action for violation of Federal statutes constituting negligence per se and resulting in death; in count 3, a cause of action for violation of state statutes constituting negligence per se, resulting in death; in count 4, a cause of action as against defendant Joanne Scafati, for negligence resulting in death and, in count 5, a cause of action as against defendant Evelyn Vetro, for negligence resulting in death. CT Page 3678
Section 52-555 of the Connecticut General Statutes has created the right to pursue a claim for the death of the decedent, a right which did not exist at common law. Furthermore, § 52-555 sets out the permissible period during which "any action surviving to or brought by an executor or administrator for injuries resulting in death" may be brought. It does not, however, limit the cause of action which under the law would justify recovery for loss of life.
Accordingly, defendants' motion to strike is denied in its entirety.
Skolnick, J. CT Page 3679